NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHRISTOPHER GRANTHAM,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2014-5118

---

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00981-LB, Judge Lawrence J. Block.

---

Decided: February 6, 2015

---

CHRISTOPHER GRANTHAM, Macon, Georgia, *pro se.*

LAUREN S. MOORE, Commercial Litigation, Civil Branch, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, Jr., KIRK T. MANHARDT.

---

Before LOURIE, REYNA, and WALLACH, *Circuit Judges.*

PER CURIAM.

Christopher Grantham appeals the United States Court of Federal Claims' dismissal of his suit for lack of subject-matter jurisdiction and for failing to state a claim upon which relief can be granted. For the reasons provided below, we *affirm*.

## BACKGROUND

In December 2013, Mr. Grantham filed a complaint in the Court of Federal Claims alleging wrongful conduct on the part of the Internal Revenue Service (IRS). According to Mr. Grantham's complaint, in November 2009, Mr. Grantham filed documents with the IRS seeking to "capture the bonds filed in Plaintiff's name and social security number." The IRS refused to honor that filing and accused Mr. Grantham of filing a frivolous return. Mr. Grantham asserts that he then filed an "affidavit of truth" and a "conditional acceptance for proof of claim." According to Mr. Grantham, by not responding to these filings, the IRS allegedly "came to be in agreement" with his claims.

Mr. Grantham asserts that he then filed an administrative tort claim at the IRS. The IRS denied the claim, but did not, according to Mr. Grantham, "rebut each issue in the claim." Mr. Grantham asserts that this failure to rebut each issue indicates that the IRS agreed with his claims, and further resulted in Mr. Grantham obtaining a lien against the IRS. Mr. Grantham then filed the present action in the Court of Federal Claims.

The trial court interpreted Mr. Grantham's complaint as claiming violation of his rights under the Due Process Clause of the Fifth Amendment and breach of contract, and Mr. Grantham does not appear to challenge that interpretation. The Government moved to dismiss under Rule 12(b)(1) of the Rules of the Court of Federal Claims

(RCFC) for lack of subject-matter jurisdiction and under RCFC 12(b)(6) for failing to state a claim upon which relief can be granted. The trial court granted the Government's motion, holding that it does not have jurisdiction over Mr. Grantham's Due Process claim because the Due Process Clause is not a money-mandating provision. The court further held that Mr. Grantham's complaint did not include sufficient allegations to state a claim for breach of contract.

Mr. Grantham timely appealed. We have appellate jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review *de novo* the Court of Federal Claims' dismissal for lack of subject-matter jurisdiction, and review its underlying factual findings for clear error. *See Ferreiro v. United States*, 350 F.3d 1318, 1324 (Fed. Cir. 2003) (citations omitted). We also review *de novo* the dismissal for failure to state a claim under RCFC 12(b)(6). *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012).

On appeal, Mr. Grantham's informal brief appears to allege that sections 701–706 of Administrative Procedure Act (APA) confer jurisdiction on the trial court over his Due Process claim. The APA does not, however, confer jurisdiction on a court that does not already possess it. *Nat'l Corn Growers Ass'n v. Baker*, 840 F.2d 1547, 1559 (Fed. Cir. 1988) (internal citation omitted). The Court of Federal Claims' jurisdiction chiefly arises under the Tucker Act, which states that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding

in tort." 28 U.S.C. § 1491(a)(1) (2012). We have interpreted the Tucker Act as requiring a claim for relief under a money-mandating provision. *Greenlee Cnty., Ariz. v. United States*, 487 F.3d 871, 875 (Fed. Cir. 2007). The trial court therefore correctly held that it does not possess jurisdiction over Mr. Grantham's Due Process claim because the Due Process clause is not a money-mandating provision. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

The trial court dismissed Mr. Grantham's breach of contract claim because Mr. Grantham's complaint does not contain sufficient allegations to state a claim for breach of contract. Mr. Grantham argues that the trial court erred because the IRS's silence gave rise to an implied-in-fact contract. An implied-in-fact contract is based on a meeting of the minds inferred from the conduct of the parties. *City of Cincinnati v. United States*, 153 F.3d 1375, 1377 (Fed. Cir. 1998) (internal citations omitted). Such a contract at least requires an exchange of consideration. *Id.* Because Mr. Grantham's complaint does not allege an exchange of consideration, the trial court correctly held that the complaint does not allege sufficient facts to show an entitlement to relief for a breach of an implied-in-fact contract claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

## CONCLUSION

For these reasons, we *affirm* the Court of Federal Claims' dismissal of Mr. Grantham's suit for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted.

## **AFFIRMED**